Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 50257 | **DATE** | 12/28/2001 |
| **CASE TITLE** | Peyton vs. Winnebago County, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants' motion to dismiss

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)    ☐ General Rule 21    ☐ FRCP41(a)(1)    ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   For the reasons stated on the reverse Memorandum Opinion and Order, defendants' motion to dismiss is granted in part and denied in part. The following defendants are hereby dismissed: Chapman, Schultz, McCollum, Jackson, Scott, Enna, Stram, Hildreth, Stouffer, and Retzlaff.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | DEC 28 2001 | 46 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 12-28-01 | |
| | | | date mailed notice | |
| /LC | courtroom deputy's initials | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

(Reserved for use by the Court)
## MEMORANDUM OPINION AND ORDER

Plaintiff, William Dushawn Peyton, proceeds pro se (but with the help of court-appointed stand-by counsel) in his fifth-amended complaint against various defendants. He alleges certain constitutional violations under 42 U.S.C. § 1983 arising out of his stay as a pretrial detainee at the Winnebago County Jail ("Jail"). Jurisdiction and venue are proper under 28 U.S.C. §§ 1331, 1391(b). Before the court is the defendants' motion to dismiss for failure to state a claim, filed pursuant to Federal Rule of Civil Procedure 12(b)(6). Peyton has responded to the motion but defendants have notified the court they do not intend to file a reply brief.

Initially, nine individual defendants seek to dismiss themselves because they have not been served and, therefore, no appearance has been made on their behalf. The court rejects this argument for several reasons. First, these defendants have not filed a motion to dismiss under Rule 12(b)(5) for insufficiency of service of process. Second, an appearance was entered for three of these defendants (Haynes, Mangrum, and Howard) after the present motion to dismiss was filed, indicating they have indeed been served (although proof of service or waiver has not been filed with the court yet). Third, Peyton was unable to provide the last names for another five of these defendants, who were listed for the first time in the fifth-amended complaint. At this point, the court is not willing to dismiss these unnamed defendants without affording Peyton an opportunity, through pretrial discovery, to figure out who these individuals are and properly serve them. See Billman v. Indiana Dep't of Corrs., 56 F.3d 785, 789 (7th Cir. 1995).

Another nine defendants seek to be formally dismissed from the case because they were named in Peyton's previous complaints but are not even mentioned in his fifth-amended complaint. As Peyton has no objection to this, the court dismisses the following defendants: Schultz, McCollum, Jackson, Scott, Enna, Stram, Hildreth, Stouffer, and Retzlaff.

Although the court technically agrees that Peyton's official capacity claims against many of the individual defendants could be dismissed, this is really form over substance and would not change the fact that Winnebago County ("County"), the Winnebago County Sheriff ("Sheriff"), and these individual defendants would still remain in the case. On the other hand, the court will dismiss defendant Chapman as a defendant. Any claim against Chapman in his official capacity as the Winnebago County Administrator is effectively against the County, which is already a named defendant in this case. As for Chapman in his individual capacity, while the court does not agree he is entitled to legislative immunity (because he is not a member of any local legislative body), it does find Peyton has failed to allege Chapman had any personal involvement in creating or maintaining the poor conditions of the Jail, or any involvement with Peyton's other alleged constitutional violations. See, e.g., Gossmeyer v. McDonald, 128 F.3d 481, 495 (7th Cir. 1997). Also, like it did in its previous Memorandum Opinion and Order (Doc. No. 6), the court again dismisses Peyton's overcrowding claim against defendant Meyers in his official capacity as the Sheriff because it is only the County, not the Sheriff, that can alleviate overcrowding in the Jail. See Houston v. Sheahan, 62 F.3d 902, 903 (7th Cir. 1995) (per curiam), abrogated on other grounds by Haley v. Gross, 86 F.3d 630 (7th Cir. 1996). At the same time, the court will not dismiss the overcrowding claim against Meyers in his individual capacity because Peyton's fifth-amended complaint arguably alleges a systemic overcrowding problem which Sheriff Meyers could reasonably be expected to know of or have participated in, so as to be subject to personal liability. See Antonelli v. Sheahan, 81 F.3d 1422, 1429 (7th Cir. 1996).

The court finds the rest of defendants' motion is not well-founded as defendants either misstate the allegations of Peyton's fifth-amended complaint or point to supposed deficiencies that are expressly cured by that complaint.

For the reasons stated above, defendants' motion to dismiss is denied in part and granted in part. To be clear, the following defendants are hereby dismissed: Chapman, Schultz, McCollum, Jackson, Scott, Enna, Stram, Hildreth, Stouffer, and Retzlaff. Peyton's claim of overcrowding insofar as it is brought against defendant Meyers in his official capacity is also dismissed.