# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 50257 | **DATE** | 7/26/2002 |
| **CASE TITLE** | PEYTON vs. WINNEBAGO COUNTY, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____ .

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .

(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(7) ☐ Trial[set for/re-set for] on _____ at _____ .

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  For the reasons stated on the reverse Memorandum Opinion and Order, Winnebago County's motion to dismiss Counts XIV and XX of the sixth-amended complaint is granted, with prejudice, and these counts are hereby dismissed.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| X | Notices mailed by judge's staff. | JUL 26 2002 | 71 |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| /SEC | courtroom deputy's initials | 2002 JUL 26 AM 11:41 | 7-26-02 date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

(Reserved for use by the Court)

# MEMORANDUM OPINION AND ORDER

Plaintiff, William Dushawn Peyton, has filed a twenty-count sixth-amended complaint against several defendants including Winnebago County ("County"), alleging various civil rights and state law violations. This court has jurisdiction over Counts I through XII, which are federal constitutional claims brought under 42 U.S.C. § 1983, based on 28 U.S.C. § 1331, and supplemental jurisdiction over Counts XIII through XX. See 28 U.S.C. § 1367(a). Venue is proper as the events alleged in the complaint occurred in this district and division. See 28 U.S.C. § 1391(b)(1). Before the court is the County's motion to dismiss Counts XIV and XX, both of which name the County as the only defendant and allege that nurses at the Winnebago County Jail ("Jail") negligently administered the wrong medication to Peyton while he was an inmate there, causing him injury. Plaintiff did not file a timely response.

When ruling on a motion to dismiss for failure to state a claim, the court is to draw all reasonable inferences from the pleadings in plaintiff's favor. See McLeod v. Arrow Marine Transp., Inc., 258 F.3d 608, 614 (7th Cir. 2001). A complaint should not be dismissed for failure to state a claim unless the plaintiff cannot prove any set of facts under his claim that would entitle him to relief. Szumny v. American Gen. Fin., 246 F.3d 1065, 1067 (7th Cir. 2001).

The County first argues that it cannot be held liable under § 1983, because it did not cause the alleged violation of Peyton's constitutional rights and municipal liability may not attach under § 1983 based on respondeat superior. See Monell v. Department of Soc. Servs., 436 U.S. 658, 691 (1978). Monell, however, is inapplicable to Counts XIV and XX because these counts allege pendent state law claims, not claims under § 1983. The partial shield from liability that Monell provides to municipalities applies only to § 1983 actions, not state law claims. See id.; see also Thompson v. Duke, 882 F.2d 1180, 1187 (7th Cir. 1989), cert. denied, 495 U.S. 929 (1990).

The County further asserts that because the jail is under the control of the Winnebago County Sheriff ("Sheriff"), the County cannot be held vicariously liable for Peyton receiving the wrong medication at the Jail. As the Illinois Supreme Court has made clear, the Sheriff is a separate constitutional officer of the County; thus the County is not vicariously liable for the negligent conduct of its Sheriff in the administration of the jail. Moy v. County of Cook, 640 N.E.2d 926, 928-30 (Ill. 1994). In Illinois, a county does not have the authority to control the office of the Sheriff. Id. at 929. The Sheriff is independently elected, and therefore answers only to the electorate, not the County Board. Thompson, 882 F.2d at 1187. Moreover, the duties of the Sheriff are derived from common law or historical precedent, and the County Board may not "alter the duties, powers and functions of county officers that are specifically imposed by law." 55 ILCS 5/5-1087; see also Moy, 640 N.E.2d at 929.

As in any other county in Illinois, the Winnebago County Jail is solely under the supervision and control of the Sheriff. 55 ILCS 5/3-15003; see also Pennie v. County of Winnebago, No. 96 C 50389, 1997 WL 715686, at *2 (N.D. Ill. Nov. 10, 1997) (Reinhard, J.). Control over medical programs and treatment is included within the Sheriff's duties. Moy, 640 N.E.2d at 928-30; Freeman v. Fairman, 916 F. Supp. 786, 789 (N.D. Ill. 1996); see also 55 ILCS 5/3-15003(c). As the Sheriff and not the County exercises control over the Winnebago County Jail, Peyton's claims in Counts XIV and XX have named the wrong defendant.

Accordingly, the County's motion to dismiss Counts XIV and XX of the sixth-amended complaint is granted, with prejudice, and these counts are hereby dismissed.